Dear Mr. Pringle:
You have requested an opinion of this office on behalf of the Board of Commissioners of the Caddo Levee District concerning the procedures to be followed for the sale of timber on levee board lands.
You indicate in your request that the Board of Commissioners feel that La. R.S. 41:1041 is applicable only if a person desirous of purchasing timber initiates the timber sale procedure, and that there is no necessity for having the sheriff become involved in the bid process as required by La. R.S. 41:1044 and 1045. You further indicate that the current procedure utilized by the Caddo Levee District is consistent with the procedure set forth in La. R.S. 41:1111 pertaining to the sale of timber on sixteenth section school lands, which is not initiated by a person desiring to purchase timber and does not require a sale by the sheriff.
It is the opinion of this office that the Caddo Levee District may sell timber on its lands on its own initiative so long as the procedures provided for in La. R.S. 41:1043, et seq. are followed. La. R.S. 41:1042.
It should be noted that the procedures provided for in La. R.S.41:1043, et seq. are identical to the procedures followed by the State Land Office when it undertakes a sale of timber on state lands. See: La. R.S. 41:1003, et seq. In verifying that these are in fact the procedures followed by the State Land Office when it wishes to sell timber on state lands, we were advised that the State Land Office has never paid a commission exceeding $100.00 as provided for in both La. R.S. 41:1045 and 1005. Accordingly t would appear that the Board of Commissioners' concern over paying the sheriff a 2% commission on the amount bid is misplaced.
We hope that this opinion will be of assistance to the Board of Commissioners regarding the procedures to be followed for the sale of timber on its lands.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 _______________________________ BY: ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHCjr/bb